## THE JUNE AMES.

### THE EDWIN CHILTON.

#### No. 421.

Circuit Court of Appeals, Second Circuit.
July 17, 1933.

416

Courtland Palmer, of New York City, for appellant.

Vincent A. O'Connor, of New York City, for libelant appellant.

Jacob Aronson, of New York City (K. O. Mott-Smith, of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

These appeals present almost a complete reduplication of the collision described in our opinion handed down herewith in Ames & Carroll v. The Tug Chilton, 66 F.(2d) 413. The tug had two tows on the same night, and brought each into collision with the abutment of the New York Central bridge. It was closed each time when the tow first appeared, and the tug rounded to against the tide to await its opening. When it did open, she maneuvered so unhandily as to make the tow collide with the center abutment, and in this case with both the center abutment and that on the south. Some of the damage was caused by scraping the riprap at the north side of the river, when making the turn to stem into the tide. Although this was the first collision, we need add nothing to what we have said; the master was clearly unable to handle his tow in the conditions which he found, and the tug is liable.

As to the damages for repairs, we are not disposed to interfere. The issue depended upon whom to believe, and the commissioner's finding in such a case, certainly when confirmed by the judge is conclusive. This seems a hard lesson for the bar to learn, but we will not slacken our rule regarding it.

The only remaining question is as to damages for detention, due to the collision. We followed The Umbria, 166 U. S. 404, 17 S. Ct. 610, 41 L. Ed. 1053, in the companion case; we shall follow it here. The Supreme Court there made a distinction between cases of total and of partial loss. In the first, only the profits of the voyage on which the vessel

is engaged are allowable; in the second, the whole loss due to the detention. Here the barge became a total loss as a result of the collision. She did not sink, it is true, but her repairs were greater than her value. The commissioner and the judge were right in awarding only the loss of profits on the voyage of six days to Kingston and back to New York, and these were calculated properly.

Decree affirmed.