In the Matter of the COMPLAINT OF ATLANTIC MARINER, INC. FOR EXONERATION FROM OR LIMITATION OF LIABILITY

No. 01–210–P–C.

United States District Court, D. Maine.

Sept. 4, 2002.

William H. Welte, Welte & Welte, P.A., Camden, ME, for Plaintiffs.

Peter W. Culley, Pierce, Atwood, Portland, ME, Dennis O. Brown, LeBoeuf, Lamb, Greene & Macrae LLP, Hartford, CT, for Defendants.

Edward F. Bradley, Jr., Bradley & Savasuk, Portland, ME, Carolyn M. Latti, Latti & Anderson LLP, Boston, MA, Stephen M. Ouellette, David S. Smith, Cianciulli & Ouellette, Beverly, MA, Joseph G. Abromovitz, Boston, MA, George F. Leahy, The Law Offices of George F. Leahy, West Boxford, MA, Peter W. Culley, Pierce, Atwood, Portland, ME, for Claimants.

## ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

GENE CARTER, District Judge.

The United States Magistrate Judge having filed with the Court on August 12, 2002, with copies to counsel, his Recommended Decision on Defendants' Motion for Partial Summary Judgment (Docket No. 68) in the above-entitled matter; and the time for filing objections thereto having expired without any objections having been filed; see 28 U.S.C. § 636(b)(1); and this Court having reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; and having made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and this Court concurring with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and having determined that no further proceeding is necessary; it is **ORDERED** as follows:

(1) The Recommended Decision of the Magistrate Judge is hereby **AFFIRMED**.

(2) Defendants' Motion for Partial Summary Judgment is hereby **GRANTED**.

## *RECOMMENDED DECISION ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT*

DAVID M. COHEN, United States Magistrate Judge.

The plaintiff in this consolidated action, Atlantic Mariner, Inc., has made a claim, *inter alia,* for lost income against defen-

dants Primorsk Shipping Corporation and A.L.T. Navigation Limited. Plaintiff's Complaint (Docket No. 1 in Docket No. 01–209–P–C) ¶ 10. The defendants move for partial summary judgment on this claim. I recommend that the court grant the motion.

## I. Summary Judgment Standard

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant. By like token, 'genuine' means that 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.'" *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93–94 (1st Cir.2001) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995)). The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir.2000). Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir.1999) (citation and internal punctuation omitted); Fed.R.Civ.P. 56(e). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir.2001) (citation and internal punctuation omitted).

## II. Factual Background

The parties do not dispute the material facts relevant to the motion. On August 5, 2001 the F/V STARBOUND, owned by the plaintiff, was involved in a collision and sank. Statement of Undisputed Facts in Support of Defendants' Motion for Partial Summary Judgment (Docket No. 53) ¶ 1; Petitioner Atlantic Mariner, Inc.'s Opposing Statement of Material Facts and Additional Facts ("Plaintiff's SMF") (Docket No. 58) ¶ I.1. STARBOUND has not been recovered and was a total loss. *Id.* ¶ 2. Prior to her loss, STARBOUND had been engaged in the pair trawl fishery which requires the use of a similarly rigged companion vessel. Plaintiff's SMF ¶ II.1.[1] STARBOUND underwent a major refit and conversion in 2000 in order to prepare her for seining and pair trawling. *Id.* ¶ II.2. After the loss, the plaintiff searched unsuccessfully for a replacement vessel. *Id.* ¶ II.3. Similar vessels that were available were too costly and required conversion to make them suitable for the fishery. *Id.*

## III. Discussion

The defendants contend that claims for lost profit or loss of use are unavailable when the vessel in question is a total loss. Defendants' Motion for Partial Summary Judgment, etc. (Docket No. 52) at 3–5.

---

1. The defendants filed no response to the plaintiff's statement of additional facts. Pursuant to this court's Local Rule 56(e), those facts are accordingly deemed admitted to the extent supported by the record citations given.

The plaintiff "recognizes that, generally speaking, the applicable measure of damages where a vessel is totally lost is its value at the time of loss, plus interest and the net freight pending at the time," Petitioner Atlantic Mariner, Inc.'s Opposition to the Motion for Partial Summary Judgment, etc. ("Plaintiff's Opposition") (Docket No. 57) at 3 (internal quotation marks and citation omitted), but argues that an exception to this rule has been carved out for commercial fishermen, *id.* at 3–7.

Since at least 1897, the rule has been that the damages for a vessel that is a total loss are limited to the value of the vessel, with interest, and the net freight pending at the time of the loss, excluding any claim for possible profits. *The Umbria,* 166 U.S. 404, 421–22, 17 S.Ct. 610, 41 L.Ed. 1053 (1897). This rule has been routinely applied to fishing vessels. *E.g., Greer v. United States,* 505 F.2d 90, 93 (5th Cir.1974); *B & M Towing Co. v. Wittliff,* 258 F.2d 473, 475 (5th Cir.1958); *The Menominee,* 125 F. 530, 535 (E.D.N.Y. 1903).

The general rule was specifically adopted by the First Circuit in 1982. *A & S Transp. Co. v. Tug Fajardo,* 688 F.2d 1, 2 (1st Cir.1982) (waste disposal barge). *See also DiMillo v. Sheepscot Pilots, Inc.,* 870 F.2d 746, 751 (1st Cir.1989).

The plaintiff contends that fishermen are entitled to recover economic damages because they rely upon a vessel for their livelihood and are "favorites of admiralty." Plaintiff's Opposition at 4–5. However, the case law cited by the plaintiff in support of this proposition derives from litigation involving environmental damage or damage to a vessel short of total loss. *E.g., Barber Lines A/S/ v. M/V Donau Maru,* 764 F.2d 50, 51 (1st Cir.1985); *Emerson G.M. Diesel, Inc. v. Alaskan Enter.,* 732 F.2d 1468, 1472 (9th Cir.1984); *King*

*Fisher Marine Serv., Inc. v. NP Sunbonnet,* 724 F.2d 1181, 1187 (5th Cir.1984); *Miller Indus., Inc. v. Caterpillar Tractor Co.,* 473 F.Supp. 1147, 1155–56 (S.D.Ala. 1979). In none of these opinions is the total-loss rule even mentioned. These cases are readily distinguishable on their facts. The only case cited by the plaintiff in which lost profits were awarded when the fishing vessel at issue was a total loss is *Barger v. Hanson,* 426 F.2d 640 (9th Cir.1970). In that case, while setting forth the general rule for damages when a vessel is a total loss, *id.* at 641, the court upheld an award for the value of the vessel lost and the value of the prospective catch, "[u]nder the particular circumstances of this case," noting that no interest was awarded and that the plaintiff promptly mitigated his damages, *id.* at 642–43. The basis for the Ninth Circuit's departure from the general rule is not entirely clear, but in any event the First Circuit rejected *Barger* in *Fajardo,* 688 F.2d at 3.

The plaintiff has offered additional facts to support its contention that the vessel at issue was unique and particularly costly to replace, entitling it to additional damages, but the First Circuit also rejected that argument in *Fajardo. Id.* at 2. While the vessel at issue in *Fajardo* was not a commercial fishing vessel, that distinction does not justify departure from the general rule in the instant case.

## IV. Conclusion

For the foregoing reasons, I recommend that the defendants' motion for partial summary judgment be **GRANTED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which* de novo

*review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

August 12, 2002.