**F/V SAILOR, INC., Plaintiff**

v.

**CITY OF ROCKLAND, Defendant**

**No. CIV. 03–261–P–H.**

United States District Court,
D. Maine.

Aug. 30, 2004.

Clayton N. Howard, By Douglas C. Houston, Howard & Bowie, Damariscotta, ME, for Sailor Incorporated F/V, Plaintiff.

William H. Welte, By Welte & Welte, P.A., Camden, ME, for City Of Rockland, Defendant.

### ORDER ON DEFENDANT'S MOTION IN LIMINE

HORNBY, District Judge.

In an Order dated June 16, 2004, I concluded that the plaintiff's fishing vessel, F/V Sailor, was a constructive total loss and that the plaintiff's potential damages were therefore limited to the fair market value of the Sailor immediately prior to its sinking, less salvage value, plus interest. The defendant has filed a motion *in limine* to exclude any testimony or evidence on damages not relevant to the vessel's fair

market value prior to its sinking. The motion is GRANTED.

When a vessel is a total loss, the plaintiff's damages are limited to the fair market value of the vessel, plus interest and the "net freight pending" at the time the vessel was lost. *The Umbria,* 166 U.S. 404, 421–22, 17 S.Ct. 610, 41 L.Ed. 1053 (1897). *See also A & S Transp. Co. v. The Tug Fajardo,* 688 F.2d 1, 2 (1st Cir. 1982). The rule is rigid and has been routinely applied to fishing vessels like the F/V Sailor. *See In re Complaint of Atlantic Mariner,* 239 F.Supp.2d 77, 79 (D.Me. 2002) (listing cases). At the hearing on August 30, 2004, the plaintiff said that it planned to introduce evidence relating to the difficulties it encountered in securing a replacement vessel after the F/V Sailor sank. To the extent that the plaintiff wishes to introduce this evidence to establish delay or loss of use damages, the evidence is inadmissible. The rule limiting the plaintiff's damages to fair market value plus interest and net freight pending "is rigidly followed despite the fact that in some cases the owner of a lost vessel will lose profits because of the difficulty of securing a replacement vessel." Thomas J. Schoenbaum, *Admiralty and Maritime Law,* § 14–6 (4th ed.2004). The plaintiff may not recover for the loss of use of the vessel.

According to the plaintiff, the Sailor was set to leave the dock for a ten-day fishing voyage when it sank. The plaintiff argues that the profits Sailor anticipated on this voyage are recoverable "net freight pending." In support, the plaintiff cites a series of cases holding that, where the vessel is a total loss, the profits of the same voyage on which the vessel was engaged at the time of its loss are recoverable as "net freight pending." *E.g., The Umbria,* 166 U.S. at 422, 17 S.Ct. 610; *A & S Transp. Co.,* 688 F.2d at n. 1; *The June Ames,* 66 F.2d 415 (2d Cir.1933). These cases, however, involve charter parties, not fishing expeditions. Charter hire is in the nature of freight. *The Menominee,* 125 F. 530, 535 (E.D.N.Y.1903). "Where a vessel is under charter, or has made such engagements as insure her freight, the owner of the vessel is deprived of a vested existing property if the ship be precluded by the fault of another from continuing her voyage." *Id.* at 531. The future profits of a fishing vessel, by contrast, are speculative. And it is the speculative nature of anticipated profits that led the Supreme Court in *The Umbria* to reject recovery for probable profits in total loss cases. 166 U.S. at 421–22, 17 S.Ct. 610. With the exception of one Ninth Circuit case that the First Circuit has rejected,[1] the cases uniformly have denied fishing vessels anticipated profits when the vessel was a total loss. *See In re Complaint of Atlantic Mariner,* 239 F.Supp.2d 77, 79 (D.Me.2002); *The Menominee,* 125 F. 530 (E.D.N.Y.1903). These cases reject future profits even when the vessel's total loss occurred during a fishing voyage. *Id.*

---

1. In *Barger v. Hanson,* 426 F.2d 640 (9th Cir.1970), the Ninth Circuit allowed the plaintiff fishing vessel owner to recover the value of a prospective catch even though the vessel was a total loss. The court did not hold, however, that the prospective catch constituted "net freight pending," but rather that, contrary to the general rule, the plaintiff was entitled to recover for loss of the vessel's use. *Id.* at 642–43. The Ninth Circuit in *Barger* emphasized that the parties did not dispute the damage amount and that the trial court did not award prejudgment interest. In this case, the parties have not stipulated to damages and prejudgment interest is allowed. Moreover, in *A & S Transportation Co. v. The Tug Fajardo,* 688 F.2d 1, 3 (1st Cir.1982), the First Circuit described *Barger* as a "deviation" from the rule limiting damages in total loss cases to fair market value, plus interest and net freight pending, and reiterated its adherence to the general rule. *Id.*

This is because a fishing vessel's anticipated profits do not constitute "net freight pending," but rather loss of use, which, according to the general rule, is not recoverable when the vessel is a total loss. Accordingly, the plaintiff in this case may not introduce evidence relating to lost profits.

Even if the rule supported plaintiff's recovery of damages beyond the fair market value of the vessel, I would conclude that the plaintiff waived any right to assert them in this case. In its motion for summary judgment, the defendant asked me to declare the Sailor a constructive total loss and to limit the plaintiff's potential damages to the fair market value of the vessel. The plaintiff argued that the vessel was not a constructive total loss, but did not assert any entitlement to incidental damages or "net freight pending." If the plaintiff planned to claim these items as damages, it should have raised them in the course of the summary judgment motion practice. In granting the defendant's motion for summary judgment, I concluded that the plaintiff's potential damages were limited to the vessel's fair market value plus interest. That ruling is law of the case and the plaintiff may not introduce evidence relating to additional damages at trial.[2]

The defendant's motion *in limine* is GRANTED.

SO ORDERED.

---

2. The plaintiff has waived its right to claim incidental damages, such as the cost of raising the vessel and the cost of the harbor clean-up crew. If the defendant seeks to deduct the vessel's salvage value from the vessel's fair market value, it will presumably assess salvage value as the amount that a buyer would be willing to pay for the Sailor on the bottom of the ocean after it sank. The cost of raising the vessel would then be irrelevant.